MARGARET LUSK, ET AL., v. H. C. JENNINGS, ET AL.
SAME v. JOHN LUSK.

**Will—Decedent's Estate.**

Where a testator directs his executors to sell all his personal estate and collect all debts due him, and out of the proceeds pay his debts and fully settle his estate, and also provided that if the personal estate should be insufficient the deficiency was to be made up by an equal charge on his devised real estate, he meant that the payment of the general legacies was to be made out of such personalty, if possible, but if not, out of the devised real estate, and under the statute, §§ 5 and 25, Chap. 21, Rev. Stat., the devisees of the real estate must contribute to pay the general legacies, the same as they would be required to pay the debts of the decedent.

APPEAL FROM GARRARD CIRCUIT COURT.

January 10, 1877.

OPINION BY JUDGE LINDSAY:

Sec. 2, Chap. 23, Revised Statutes, provides: "When any estate, real or personal, which has or shall be devised, shall be taken from the devisee for the payment of a debt of the testator, or one of the devisees shall pay such debt to save his devise, each of the other devisees shall contribute his proportion of the debt, interest and costs to the person so paying the same, according to the value received by him, except as hereinafter provided."

After the exceptions were stated, Sec. 5 provided: "As respects the payment of the testator's debts there shall be no distinction between specific and general devises except as herein provided." The term "devises" as used in this section included also legacies. Sec. 25, Chap. 21, Rev. Stat.

Margaret Lusk and Mrs. Anderson were general legatees, and their legacies were principally to be paid out of the personal estate passing by the will of Samuel Lusk, deceased, to his executors.

By the twelfth section of his will the testator directed his executors to sell all his personal estate, including certain turnpike company stock, and to collect all debts justly due him, and out of the proceeds arising from these sources to pay his debts and fully settle his estate. The duty of fully settling his estate included the duty of paying the legacies to Margaret Lusk and Mrs. Anderson, and when the testator provided in the same clause that, in case the personal estate should be insufficient for the purposes aforesaid, the deficiency should be made up by an equal charge upon the devises made to all his children, he meant, by "the purposes aforesaid," the full settle-

ment of his estate, and that includes the payment of the two general legacies mentioned, as well as the legacy of two thousand dollars to the children of his second wife.

It is admitted by all parties that the personal property was and is insufficient to pay the testator's debts, and that the personal estate the testator intended to have applied to the payment of the legacies to Margaret Lusk and Mrs. Anderson has been taken and applied to the payment of his debts. Hence the devisees who have received and are in the enjoyment of the estate devised to them, must, under the statute, contribute their respective portions of the debts paid by the appropriation by the executors of the funds needed to pay these legacies.

It was not necessary that these legatees should set up their claim to contribution by cross-pleadings. This action was instituted by the executors to have the will of the testator construed, and also to have a settlement of his estate. So far as the last-named purpose is concerned it is a proceeding under Title 10, Chap. 4, Civil Code of Practise, and in such proceedings it is not usually necessary that either creditors, heirs at law, devisees or legatees, shall present their claims by cross-action; and especially in a case like this, where the executors are charged by the testator with the full settlement of his estate, even to the enforcement of contribution from his various devisees to carry his will into complete execution, such cross-pleadings are unnecessary.

The court below erred in the apportionment of the legacy to the children of the second wife of the testator, and also in the mode of enforcing contribution for its payment. The satisfaction of this legacy is not the payment of a debt, although the testator seemed so to regard it. Each one of the six beneficiaries must receive one-sixth of the amount, and each one of the seven children must contribute one-seventh of the amount. It does not matter that one of the children received no specific devise. He receives one-sixth of this general legacy, which we have already seen is a gratuity and not a debt, and out of this sum he must contribute his due proportion of the two thousand dollars, and this is no hardship in view of the advancements made to him by his father.

The judgments appealed from are *reversed* and the cause remanded for a judgment conforming to this opinion.

*R. D. Lusk, W. B. Harrison, T. N. & D. W. Lindsay, for appellants.*

*G. W. Dunlap, for appellees.*